IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTEN DIVISION

| | | |
|---|---|---|
| MARK JONES, | ) | CASE NO. 5:15-cv-02447 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CHARMAINE BRACY, | ) | |
| Warden,[1] | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

Petitioner Mark Jones ("Petitioner" or "Jones"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. 1. Jones challenges the constitutionality of his conviction and sentence in *State v. Jones*, Case No. 1990-06-1136 (Summit County). Doc. 1. In 1990, Jones was convicted of aggravated trafficking and failure to comply with signal or order of police officer, along with two specifications. Doc. 1-1, p. 4; Doc. 11-2, pp. 8-10. The trial court sentenced Jones to an indeterminate period of not less 6 years and not more than the maximum of 25 years, with 5 years of actual incarceration, on the aggravated trafficking count and to an indeterminate period of not less than 2 years and not more than the maximum 5 years for the failure to comply count. Doc. 11-2, pp. 8-10.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. Jones's primary contention is that the trial court improperly sentenced him to a sentence in excess of the statutory maximum sentence. Doc. 1, Doc. 16, p. 26. He contends that he was

---

[1] In Respondent's Return of Writ, filed June 2, 2016, Respondent states that Jones is incarcerated at the Ohio State Penitentiary where he is in the custody of Warden Ed Sheldon. Doc. 11, p. 1, n. 1.

1

found guilty of a second degree felony but sentenced for a first degree felony. *Id.* For the reasons set forth below, the undersigned recommends that the Court **DISMISS** Jones's Petition (Doc. 1) because the Petition presents claims that are not cognizable on federal habeas review and/or claims that are procedurally defaulted.

Also pending is Jones's Motion for Expansion of the Record. Doc. 12. Jones seeks to expand the record to include transcripts and documents relating to the October 1990 sentencing hearing, and documents used to determine Jones's guilt regarding specifications. Doc. 12. In state court proceedings, Jones asserted that the sentencing hearing transcripts were no longer available. Doc. 11-2, pp. 203-204 (Jones's January 13, 2015, motion for reconsideration filed in the Ninth District Court of Appeals). Respondent also states that the sentencing transcripts and documents do not exist. Doc. 13, p. 1. Since the records Jones seeks to have included are no longer available, Jones's Motion for Expansion of the Record (Doc. 12) is **DENIED**.

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ninth District Ohio Court of Appeals summarized the facts underlying Jones's conviction as follows:

> On June 15, 1990, while on patrol, Akron police officer Richard May observed a small white car drive through a red light and onto the expressway in an erratic manner. Officer May followed the car for a short time before signaling, with his siren and lights, for the vehicle to stop. Instead of stopping, the driver of the vehicle led Officer May on a high-speed chase that ended only when the vehicle exited the expressway and crashed into a retaining wall.

2

> Officer May observed three men exit the vehicle and run away. Jacques Junius, a passenger in the vehicle, was apprehended a short distance away by another police officer. Using police photographs, Officer May identified appellant as the driver of the vehicle. The identity of the third person in the vehicle was never conclusively established.
>
> While examining the damage to the vehicle and the retaining wall, police officers observed a blue pill bottle lying inside one of the concrete blocks of the retaining wall. In addition, a small plastic bag was observed lying on the ground a short distance from the vehicle's open passenger door. A second plastic bag was found on the floor of the vehicle near the passenger door. The pill bottle and the plastic bags contained 32.02 grams of crack cocaine.

*State v. Jones*, No. 14853, 1991 WL 76924, at *1 (Ohio Ct. App. May 8, 1991).

## II. Procedural Background

### A. State conviction

In August 1990, a Summit County Grand Jury indicted Jones for aggravated trafficking (Count Three) and failure to comply with signal or order of police officer (Count Four), with prior aggravated felony specification. (Supplement One - Doc. 11-2, pp. 1-2). A supplemental indictment was issued adding to Count Three that, at the time of committing the offense of aggravated trafficking, Jones had previously been convicted of aggravated trafficking. (Supplement Two - Doc. 11-2, p. 3). Also, in the supplemental indictment, a specification of prior offense of violence was added to Count Four. *Id.*

Jones pleaded not guilty (Doc. 11-2, p. 5) and a jury trial commenced on September 27, 1990, and concluded on October 2, 1990, with the jury finding Jones guilty of aggravated trafficking and failure to comply with signal or order of police officer (Doc. 11-2, pp. 6-7). On October 3, 1990,[2] following a hearing regarding the specifications to Counts Three and Four, the trial court found that Jones had been previously convicted of aggravated trafficking as it

---

[2] The journal entry was entered on the docket on October 5, 1990. Doc. 11-2, p. 8.

pertained to the specification to Count Three and previously convicted of an aggravated felony as it pertained to Count Four.³ Doc. 11-2, pp. 8-10. Therefore, the trial court concluded that Jones was subject to an enhanced penalty. Doc. 11-2, pp. 8-10. The trial court sentenced Jones to an indeterminate period of not less 6 years and not more than the maximum of 25 years, with 5 years of actual incarceration, on the aggravated trafficking count and to an indeterminate period of not less than 2 years and not more than the maximum of 5 years for the failure to comply count.⁴ Doc. 11-2, pp. 8-10. The trial court ordered the sentences to be served consecutively. Doc. 1, p. 9.

**B.    Direct appeal**

Through counsel, Jones appealed to the Ninth District Court of Appeals. Doc. 11-2, pp. 11-29. Jones raised the following assignments of error:

1. The trial court erred in allowing the State to bring into evidence testimony regarding prior criminal activity over objection of defense counsel.

2. The trial court erred in allowing into evidence testimony regarding the photographic identification of defendant by Officer Mays over objection of defense counsel.

3. The verdict of the jury was against the manifest weight of the evidence and was not supported by evidence.

Doc. 11-2, p. 14. In March 1991, the State of Ohio filed its appellate brief. Doc. 11-2, pp. 30-61. On May 8, 1991, the Ninth District Court of Appeals affirmed the judgment of the trial court. Doc. 11-2, p. 258; *Jones*, 1991 WL 76924, at *1. No appeal was filed with the Supreme Court of Ohio.

---

³ As indicated in the trial court's journal entries of October 5, 1990, and November 21, 1990, Jones elected to have a hearing on the specifications after the finding of guilt by the jury. Doc. 11-2, pp. 8-10.

⁴ Since 1989, Jones has been convicted of and sentenced for various offenses, including the conviction and sentence challenged in this habeas case, and he has been paroled and re-incarcerated. Doc. 11, p. 4, n. 4; Doc. 11-2, pp, 250-251 (Ohio Department of Rehabilitation & Correction letter).

4

### C. Motions for reduction of sentence and judicial release

In August of 1994, Jones filed a motion for reduction of sentence with the trial court. Doc. 11-2, p. 254. On August 12, 1994, the trial court overruled Jones's motion for sentence reduction. Doc. 11-2, pp. 62-64, 254. The trial court considered the motion a petition for post-conviction relief but overruled it finding that Jones failed to allege that any of his constitutional rights were denied or infringed. Doc. 11-2, pp. 63-64. Rather, Jones sought reduction of his sentence on the basis that, while incarcerated, he had obtained his G.E.D., enrolled in a university, and completed a variety of self-help programs. Doc. 11-2, pp. 63-64.

In 2008, Jones, through counsel, sought judicial release. Doc. 11-2, pp. 65-75, 254. The trial court denied Jones's request for judicial release. Doc. 11-2, pp. 76, 254.

### D. Petition for post-conviction relief and motion to correct void sentence

<u>August 23, 2012, motion</u>

On August 23, 2012, Jones, acting *pro se*, filed a motion for post-conviction relief. Doc. 11-2, pp. 77-91. Jones argued that he was entitled to post-conviction relief because the jury verdict forms did not state the degree of the offense nor did they include the additional elements of the offense. Doc. 11-2, pp. 78-80. The State responded by filing a motion to dismiss, arguing that Jones's post-conviction motion was not filed in compliance with the statute and the issue raised was barred by res judicata. Doc. 11-2, pp. 92-94. On September 10, 2012, the trial court denied Jones's motion for post-conviction relief, concluding that Jones had not timely sought relief and his claims were barred by res judicata since he could have raised them on direct appeal. Doc. 11-2, pp. 95-97.

January 16, 2014, motion

On January 16, 2014, Jones, acting *pro se*, filed a motion to correct void sentence. Doc. 11-2, pp. 98-115. Jones argued that the trial court improperly imposed a first degree felony sentence for his conviction for aggravated trafficking, a second degree felony, and therefore the sentence exceeded the statutory range. Doc. 11-2, p. 99. The State moved to dismiss the motion. Doc. 11-2, pp. 116-118. Jones filed a response. Doc. 11-2, pp. 119-125. On March 3, 2014, the trial court denied Jones's motion to correct void sentence, finding that the motion was not timely filed under the State post-conviction relief statute and that the claims raised were barred by res judicata. Doc. 11-2, pp. 126-128.

Jones, acting *pro se*, filed an appeal from the denial of his 2014 motion with the Ninth District Court of Appeals. Doc. 11-2, pp. 129-162. Jones raised the following assignments of error:

1. The trial court erred in not conducting a de novo hearing as the trial court failed to impose the correct term mandated by former R.C. 2929.11 when imposing the statutorily mandated term pursuant to State v. Jordan.

2. The trial court erred when it treated defendant's motion to correct void sentence as an untimely petition for post-conviction relief.

3. The trial court erred in ruling defendant's void judgment are [sic] barred by res judicata.

Doc. 11-2, pp. 133, 139-146. The State filed its appellate brief. Doc. 11-2, pp. 163-181. Jones filed a reply brief. Doc. 11-2, pp. 182-196. On December 31, 2014, the Ninth District Court of Appeals affirmed the judgment of the trial court. Doc. 11-2, pp. 197-201. On January 13, 2015, Jones filed a motion for reconsideration pursuant to Ohio Appellate Rule 26(A) with the Ninth District Court of Appeals, arguing that there was no evidence to support the finding that there

6

was a clerical error in the sentencing entry. Doc. 11-2, pp. 202-221. On January 28, 2015, the Ninth District Court of Appeals denied Jones's motion for reconsideration. Doc. 11-2, p. 222.

Jones, acting *pro se*, filed a notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio. Doc. 11-2, pp. 223-248. In his memorandum in support of jurisdiction, Jones raised the following propositions of law:

1. Does a trial court have a duty [to] correct a sentence that is contrary to law and void due to the sentence not being related to a clerical error and not including the proper term of incarceration as stated in former Ohio R.C. 2925.03(A)(6) pursuant to *State v. Starks*, 2013 Ohio 4496 and in violation of the due process required by the Ohio and U.S. Constitutions?

2. Is an attack of a void sentence barred by res judicata when doing so would override this court's decision in *State v. Fischer*, 128 Ohio St.3d 92; 2010-Ohio-6238 and violate appellant's rights under the Ohio and U.S. Constitutions?

Doc. 11-2, pp. 232, 235-242. On June 3, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Jones's appeal. Doc. 11-2, p. 249.

### E. Federal habeas corpus

On November 30, 2015, Jones, acting *pro se*, filed his federal habeas petition asserting three grounds for relief. Doc. 1. On June 2, 2016, Respondent filed his Return of Writ. Doc. 11. On July 19, 2016, Jones filed a response to Respondent's Return of Writ, captioned "Memorandum Contra Respondent's Answer and Return of Writ." Doc. 1.

Each of Jones's grounds for relief is addressed below in Section III.C.

### III. Law and Analysis

### A. Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.[5] *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and

---

[5] The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and begins to run from the latest of various dates, e.g., the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A)-(D). Jones's Petition, filed 25 years after his sentencing, may be time barred by the statute of limitations. However, Respondent has not raised statute of limitations as a basis for dismissing the Petition.

8

comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

B.  **Exhaustion and Procedural Default**

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as

9

issues arising under state law.[6] *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). Further, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Additionally, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id. at 806* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 60 F.3d at 806.

**C.    Grounds for relief**

    **1.    Ground One**

    **Ground One**: Trial court erred in not conducting a de novo sentencing hearing as the trial court failed to impose the correct term mandated by former R.C. 2929.11.

    **Supporting Facts**: I was never found guilty of the specification that enhanced my sentence which resulted in my sentence being increased from an indefinite term of 3, 4, 5, 6, 7, or 8 to 15 years for a second degree felony to my current indefinite sentence of 5, 6, 7, 8, 9, 10 to 25 years for a first degree felony. There is nothing

---

[6] In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law. *McMeans,* 228 F.3d at 681.

> in the trial record to support this dramatic increase in my sentence. My sentence is contrary to law and the trial court was without the authority to impose my current sentence and was mandated to provide me the correct sentence under the law.

Doc. 1, p. 3.

### a. Ground One is not cognizable

To the extent that Jones asks this Court to review the state court's imposition and interpretation of state sentencing laws his claim is not cognizable on federal habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Garrett v. Miller*, 2012 WL 3989022, *3-4 (N.D. Ohio Aug. 13, 2012), *report and recommendation adopted*, 2012 WL 3989004 (N.D. Ohio Sept. 11, 2012) (citing *Howard v. White,* 2003 WL 22146139, at *2 (6th Cir. Sept.16, 2003)*; Kipen v. Renico,* 2003 WL 21130033 (6th Cir. May 14, 2003)*; Terry v. Trippett,* 62 F.3d 1418, 1995 WL 469424, at *1 (6th Cir.1995) (TABLE, text in WESTLAW) (citing *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) (per curiam)); *see also Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (petitioner's sentencing challenge to the aggregation of several sentences involved a matter of state law and therefore was not cognizable in the federal habeas proceeding). Furthermore, except in extreme circumstances, a federal habeas court is bound by a state court's determination of state law. *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993); *see also Bennett v. Warden Lebanon Correctional Inst.*, 782 F.Supp.2d 466, 478-479 (S.D. Ohio 2011) (federal habeas court

11

was bound by the state court's interpretation and calculations under Ohio's speedy trial statute and finding that the nunc pro tunc entry complied with the state-law standards).

In affirming the trial court's denial of Jones's motion to correct a void sentence, the Ninth District Court of Appeals addressed the trial court's sentencing determination and found no error, stating in part:

> {¶5} In his three assignments of error, Mr. Jones asserts that his sentence is void and that the trial court erred by treating his motion to correct a void sentence as a petition for post-conviction relief. We do not agree.
>
> {¶6} We begin our analysis by reviewing Mr. Jones' claim that his sentence is void. In his motion, he argued that the maximum sentence the trial court could impose for his conviction for aggravated trafficking was 15 years and, therefore, the 25-year sentence he received violated the statutory authority and was void.
>
> {¶7} Mr. Jones was indicted for aggravated trafficking under R.C. 2925.03(A)(6) and a supplement to the indictment also charged that he had previously been convicted of aggravated trafficking. A jury found Mr. Jones guilty as charged in the indictment. Pursuant to R.C. 2925.03(C)(6), aggravated trafficking is a second degree felony with a maximum 15 year sentence *unless* defendant has previously been convicted of a felony drug abuse offense. Because Mr. Jones had previously been convicted of aggravated trafficking (a felony drug abuse offense), the aggravated trafficking offense for which he was convicted was a first degree felony with a maximum 25 year sentence. R.C. 2925.03(C)(6). The trial court did not, therefore, impose a sentence in violation statutory authority and Mr. Jones' sentence is not void.1
>
>> [FN 1] Mr. Jones appears to be correct about an error, albeit a clerical one, in his sentencing entry. The entry states that he was convicted of a second degree felony, but it should have said a first degree felony.

Doc. 11-2, pp. 198-199 (emphasis in original).

It is not the function of this federal habeas court to re-examine the state court of appeals' determination that Jones's sentence was not in violation of state statutory authority. *See Estelle*, 502 U.S. at 67-68. Accordingly, to the extent that Jones raises a state law claim in Ground One, his claim is not cognizable on federal habeas review.

### b. Ground One is procedurally defaulted

To the extent that Jones has raised a federal constitutional claim in Ground One, his claim should be dismissed due to procedural default.

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to

13

have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.[7] *Coleman*, 501 U.S. at 750.

Jones failed to comply with two procedural rules when he raised his sentencing claim with the state courts and the state courts enforced those procedural rules. More particularly, the state court of appeals determined that:

> {¶10}The trial court did not abuse its discretion in denying Mr. Jones' motion as an untimely, successive petition for post-conviction relief. He alleged that the trial court imposed a sentence of 25 years in violation of the statutory limit of 15 years. He did not, however, argue why the trial court could consider his untimely, successive petition, as required by R.C. 2953.21.
>
> {¶11} Here, over 20 years elapsed between filing the transcript in his direct appeal and his filing of his third petition for postconviction relief. Therefore, his petition was untimely. Mr. Jones did not argue that the exceptions contained in R.C. 2953.23(A)(1) apply to this case. Accordingly, the trial court lacked authority to consider the merits of Mr. Jones' petition, and there was no error in denying his petition for postconviction relief.
>
> {¶12} Mr. Jones also asserts that the trial court erred when it concluded that his claim was barred by res judicata. It is well settled that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶37. Because Mr. Jones' argument could have been raised in his direct appeal, it is now precluded by the doctrine of res judicata. *See State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

Doc. 11-2, pp. 199-200.

---

[7] "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)

The time requirements in O.R.C. § 2953.21(A)(2) are an adequate and independent state law ground for denying review of a claim in federal habeas proceedings. *See Bird v. Hurst*, 110 Fed. Appx. 474, 478 (6th Cir. Aug. 9, 2004). Also, "Ohio court's rule denying review on the merits in post-conviction proceedings when a petitioner could have, but failed, to raise a claim on direct appeal" constitutes and "adequate and independent" state ground to foreclose "review in subsequent federal habeas proceedings." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *see also e.g., State v. Manuel*, 1995 WL 21292 (Ohio App. Ct. Jan. 20, 1995) (applying res judicata bar to a defendant's sentencing claim that defendant attempted to raise in a motion for resentencing because it was an issue that could have been presented in a prior merit appeal but were not).

Based on the foregoing, it is clear that Jones failed to comply with state procedural rules for raising his sentencing claim, the state courts enforced those procedural rules, and those procedural rules are adequate and independent state law grounds to foreclose review in federal habeas proceedings. Accordingly, in order to overcome the procedural default, Jones must demonstrate cause and prejudice or a fundamental miscarriage of justice. However, as discussed below, he is unable to do so.

It has been over 25 years since his sentence and Jones has failed to identify an objective external factor that prevented him raising his sentencing claim in compliance with Ohio's procedural rules. *See Coleman*, 501 U.S. at 753 ("'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him.") (emphasis in original). Thus, he is unable to satisfy the cause and prejudice standard to overcome his procedural default. Further, he has failed to demonstrate his "actual innocence" such that failure to consider his claim will result in a fundamental miscarriage of justice. *See*

15

*Lundgren*, 440 F.3d at 764 (6th Cir. 2006) ("A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'") (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Accordingly, to the extent that Jones has raised a claim that is cognizable on federal habeas review, he procedurally defaulted his claim.

Based on the foregoing, the undersigned recommends that the Court **DISMISS** Ground One as not cognizable on federal habeas review and/or as procedurally defaulted.[8]

### 2. Grounds Two and Three

**Ground Two**: The trial court erred when it treated Petitioner's Motion to Correct Void Sentence as an untimely petition for post-conviction relief.

**Supporting Facts**: The trial court improperly converted Petitioner's claim of a void sentence, which must be corrected at any time it is presented to the court, to a post-conviction petition which the court denied as being untimely on a procedural issue. This violated Petitioner's right to due process and justice.

**Ground Three**: The trial court erred in ruling the Petitioner's void judgment is barred by res judicata.

**Supporting Facts**: Petitioner's sentence is void and contrary to law. The law and Constitution both require the correction of the sentence.

Doc. 1, pp. 4-5.

The Sixth Circuit has held that claims challenging state post-conviction proceedings are not subject to review under the federal habeas corpus statute, 28 U.S.C. § 2254. *Kirby v. Dutton*, 794 F.2d 245, 246-247 (6th Cir. 1986). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to

---

[8] Even if Jones's claim was cognizable or not procedurally defaulted, Jones's attempt to argue that the state court of appeals' factual determinations, including its determinations that there was a clerical error in the sentencing entry and/or that Jones was previously convicted of aggravated trafficking, were incorrect, would fail because he has failed to rebut the presumption of correctness regarding those determinations by clear and convincing evidence as is required under 28 U.S.C. § 2254(e)(1). Jones's attempt to shift the burden of rebutting the presumption of correctness of the state court's factual determinations away from himself on the basis that certain records from his state court proceeding are no longer available is futile. Jones waited close to 25 years to seek review of his sentence and should not now be relieved of his burden due to his own lack of diligence in seeking judicial review of his sentence.

secure release from illegal custody." *Id.* at 246 (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)).  In Grounds Two and Three, Jones raises alleged errors during state post-conviction proceedings not the underlying conviction and sentence.  Since Jones's challenges are attacks on the procedure during state collateral proceedings, the claims asserted in Ground Two and Ground Three[9] are not cognizable on federal habeas review.  *Kirby*, 794 F.2d 245; *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (discussing and following *Kirby*); *O'Neal v. Kelly*, 2013 U.S. Dist. LEXIS 78288, * 11 (N.D. Ohio June 4, 2013) (dismissing as not cognizable federal habeas grounds for relief that alleged constitutional error in state post-conviction proceedings).

   Based on the foregoing, the undersigned recommends that Court **DISMISS** Grounds Two and Three as not cognizable on federal habeas review.

### IV.     Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** Jones's Petition (Doc. 1) because the Petition presents claims that are not cognizable on federal habeas review and/or claims that are procedurally defaulted.

Dated: December 1, 2016

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

   Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this

---

[9] As discussed above, to the extent that, in Ground Three, Jones attempts to challenge the state court of appeals' determination that his sentence was not in violation of state statutory authority and not void, such a claim amounts to a request that this Court review a state court determination of state law and therefore is not cognizable on federal habeas review.

17

Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).