UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK JONES,<br> Petitioner, | )<br>) | CASE NO. 5:15-CV-02447 |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **ORDER AND DECISION** |
| CHARMAINE BRACY,<br> Respondent. | )<br>) | |

This matter appears before the Court on Petitioner Mark Jones's objections to the magistrate judge's Report and Recommendation ("R & R") recommending dismissal of Petitioner's habeas corpus action. Doc. 17, 20. Also before the Court is Petitioner's Motion for Expansion of the Record. Doc. 12. For the following reasons, Petitioner's Motion is DENIED, Petitioner's objections are OVERRULED, and the Court ADOPTS the magistrate judge's R & R and DISMISSES the underlying habeas petition. Doc. 1.

I. **FACTUAL BACKGROUND**

As set forth in the R & R, on June 15, 1990, Akron police officer Richard May observed a small white car run a red light and enter the expressway in an erratic manner. Officer May followed the car for a short time before signaling, with his siren and lights, for the vehicle to stop. Instead of stopping, the driver of the vehicle commenced a high-speed chase that ended when the vehicle exited the expressway and crashed into a retaining wall.

Officer May observed three men exit the vehicle and run away. Using police photographs, Officer May identified Petitioner as the driver of the vehicle. While examining the damage to the vehicle and the retaining wall, police officers found a blue pill bottle lying inside one of the concrete blocks of the retaining wall. In addition, a small plastic bag was observed lying on the ground a short distance from the vehicle's open passenger door. A second plastic

1

bag was found on the floor of the vehicle near the passenger door. The pill bottle and the plastic bags contained 32.02 grams of crack cocaine.

## II. PROCEDURAL BACKGROUND

As set forth in the R & R, Petitioner was indicted by a Summit County grand jury in August, 1990, for aggravated trafficking (Count Three) and failure to comply with a signal or order of a police officer (Count Four), with prior aggravated felony specification. A supplemental indictment to Count Three added that at the time of the aggravated trafficking, Petitioner had previously been convicted of aggravated trafficking and added a specification of a prior offense of violence to Count Four.

A jury found Petitioner guilty of both offenses. Due to the supplemental indictment, the trial court also concluded Petitioner was subject to an enhanced penalty.[1] The trial court sentenced Petitioner to a period of not less than six years and not more than 25 years, with five years actual incarceration, on the aggravated trafficking count, and to a period of not less than two years and not more than five years on the failure to comply count, to be served consecutively.

Petitioner appealed to the Ninth District raising three assignments of error, and the Ninth District Court of Appeals affirmed the trial court. Petitioner filed motions for reduction of sentence and a petition for post-conviction relief, and the trial court overruled both. Petitioner's request for judicial release was also denied.

Petitioner filed a second motion for post-conviction relief in 2012, which the trial court denied on the grounds that Petitioner had not timely sought relief and his claims were barred by

---

[1] In Petitioner's Objection, he disputes this fact and asserts that he had not been previously convicted of aggravated trafficking. However, because Ground One is not cognizable and/or is procedurally defaulted, this assertion has no bearing on the dismissal of his habeas petition.

2

res judicata. A 2014 motion to correct a void sentence, on the grounds that the trial court improperly imposed a first degree felony sentence for his aggravated trafficking sentence (a second degree felony) was denied for the same reasons. The Ninth District Court of Appeals affirmed the trial court's denial on appeal, and the Supreme Court of Ohio later declined to accept jurisdiction of Petitioner's appeal.

On November 30, 2015, Petitioner, acting *pro se*, filed his habeas corpus petition asserting three grounds for relief: 1) The trial court erred in not conducting a de novo hearing as the trial court failed to impose the correct term mandated by former R.C. 2929.11 when imposing the statutorily mandated term pursuant to State v. Jordan; 2) The trial court erred when it treated petitioner's motion to correct a void sentence as an untimely petition for post-conviction relief; 3) The trial court erred in ruling petitioner's void judgment was barred by res judicata. Doc. 1. The matter was referred to the magistrate judge pursuant to Local Rule 72.2. The magistrate judge recommended that this Court dismiss Petitioner's habeas petition because Petitioner presents claims that are not cognizable on federal habeas review and/or claims that are procedurally defaulted.

Also before the Court is Petitioner's Motion for Expansion of Record. Petitioner seeks to expand the record to include transcripts and documents related to the original 1990 sentencing; Petitioner asserted in state court proceedings that the sentencing transcripts were no longer available, and thus were not presented. The magistrate judge also recommends that Petitioner's Motion for Expansion of Record be denied.

**III.   STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's R & R, a judge must perform a de novo review of "those portions of the report or specified proposed findings or

recommendations to which an objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's review of the instant case. See Harpster v. Ohio, 128 F.3d 322, 326 (6th Cir. 1997). The relevant portion of the habeas statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). However, if a claim has not been adjudicated on the merits in a state court proceeding, "and has not been procedurally defaulted, we look at the claim de novo rather than through the deferential lens of AEDPA." Hill v. Mitchell, 400 F.3d 308, 313 (6th Cir. 2005).

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Bobby v. Dixon, 132 S. Ct. 26, 27 (2011) (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 443 U.S. 307, 322 n.5 (1979)

4

(Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision. *Id*. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

> A. **Ground One:** "I was never found guilty of the specification that enhanced my sentence which resulted in my sentence being increased from an indefinite term of 3, 4, 5, 6, 7, or 8 to 15 years for a second degree felony to my current indefinite sentence of 5, 6, 7, 8, 9, [or] 10 to 25 years for a first degree felony. There is nothing in the trial record to support this dramatic increase in my sentence. My sentence is contrary to law and the trial court was without the authority to impose my current sentence and was mandated to provide me the correct sentence under the law."

In the R & R, the magistrate judge found that Petitioner's first claim for relief was not cognizable on federal habeas review and/or was procedurally defaulted. Petitioner objects to this finding and argues that his Fourteenth Amendment right to due process and his Sixth Amendment right to trial by jury were violated. However, Petitioner failed to raise these claims in his original habeas petition, or in any of his state court proceedings. When a petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. Dickerson v. Mitchell, 336 F. Supp. 2d 770, 787 (N.D. Ohio 2004). To obtain merit review of the claim, a petitioner must demonstrate cause and prejudice to excuse his failure to raise the claim in state court, or that a miscarriage of justice would occur if the habeas court refused to address the claim on its merits. Seymour v. Walker, 224 F.3d 542, 550 (6th Cir. 2000). *cert denied*, 532 U.S. 989, 149 L. Ed. 2d 502, 121 S. Ct. 1642 (2001) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497 (1997)). In Petitioner's Objection to the R & R, he failed to address cause and prejudice to excuse his failure to raise his Fourteenth and Sixth Amendment claims, or

5

that a miscarriage of justice would occur if this Court refused to address the claim on its merits. See Doc. 20. Further, Petitioner failed to address the magistrate judge's determinations of cognizability and procedural default, and instead raised new claims that were not raised in either his original habeas petition or in any of his state court proceedings. Id. Therefore, Petitioner's objection must fail, and it is overruled.

### B. Grounds Two and Three

1. "The trial court improperly converted Petitioner's claim of a void sentence, which must be corrected at any time it is presented to the court, to a post-conviction petition which the court denied as being untimely on a procedural issue. This violated Petitioner's right to due process and justice."

2. "Petitioner's sentence is void and contrary is law. The law and Constitution both require the correction of the sentence."

In the R & R, the magistrate judge found Petitioner's second and third claims for relief were not cognizable on federal habeas review. Petitioner objects to this finding. However, in support of his objection, Petitioner only stated that grounds two and three "are moot because it would be repetitive." Petitioner's objection is insufficient to demonstrate error in the magistrate judge's recommendation, and his objections are therefore overruled.

### C. Motion for Expansion of Record

In the R & R, the magistrate judge recommended dismissal of Petitioner's Motion for Expansion of Record, on the grounds that the records he was seeking were no longer available. Petitioner objects to this finding and asserts that the transcripts are not lost or destroyed. Petitioner included a letter from the Summit County Clerk of Courts, which stated the transcripts are filed within the co-defendant's case. However, pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, record expansion is left to the discretion of the district court. Starkey v. Warden, Chillicothe Corr., No. 2:16-CV-00525, 2017 U.S. Dist. LEXIS 11564, at *7 (S.D. Ohio Jan. 27, 2017). Moreover, review of habeas corpus petitions is

6

limited to the record that was before the state court that adjudicated the claim on the merits. Cullen, 563 U.S. at 181. The transcripts Petitioner seeks to include were not a part of the state court record; therefore, Petitioner's Motion for Expansion of Record is denied.

## VI. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Petitioner's objections; therefore, Plaintiff's objections are OVERRULED. Petitioner's Motion for Expansion of Record is DENIED. The Court ADOPTS the R & R. Doc. 17. The petition for habeas corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: July 27, 2017                    /s/ John R. Adams
                                       Judge John R Adams
                                       UNITED STATES DISTRICT COURT